No. 41,565

C. P. HIRST, *Appellee*, v. R. L. ALLEN and GILBERT TIPTON, Guardian of the Estate of LAURA BELLE HUFF, an Incompetent, and as Special Administrator of the Estate of LAURA BELLE HUFF, *Appellants*.

(347 P. 2d 372)

Opinion filed December 12, 1959.

*Thomas E. Joyce*, of Kansas City, argued the cause and *Thomas H. Finigan*, of Kansas City, was with him on the briefs for the appellant.

*J. H. Dickens*, of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

JACKSON, J.: Hirst sued Allen in the court below seeking to quiet title to certain described real property in Wyandotte county. Allen answered and following certain denials agreed with Hirst that plaintiff had purchased the real estate from the estate of Laura Belle Huff, an incompetent; alleged that the contract attached to plaintiff's petition was not complete but that the actual contract had been filed in the probate court; that Allen's name was inserted in the deed to Hirst "for the convenience and protection of the incompetent's estate as indicated in the attached petition which is marked Exhibit A and made a part hereof . . ."

Neither the contract attached to plaintiff's petition nor the "petition" attached to defendant Allen's answer are shown in the abstract of appellants herein.

On June 30, 1958, the guardian of the incompetent's estate filed a pleading denominated an "Interpleader." Apparently this paper was filed without leave of court and the court seems to have ordered the paper stricken. Later Tipton "as guardian and special administrator of the estate of Laura Belle Huff" filed a formal motion to intervene and be made a defendant under G. S. 1949, 60-417. This motion contended movant should be made party for the reason:

". . . your movant has an interest in this action in that the defendant, R. L. Allen, is not the real party in interest for he was merely acting and designated as trustee for your movant as guardian of the estate of Laura Belle Huff, an incompetent, in taking title to an undivided interest in the real property described in plaintiff's Petition which plaintiff purchased from your movant as such guardian, and at the time of said purchase entered into a contemporaneous oral agreement with your movant as more fully appears from the copy of movant's proposed answer attached hereto as a part hereof."

In the proposed answer attached to the above motion, Tipton alleges that the guardian's deed was delivered to plaintiff at a time when the parties were uncertain as to how much of the real estate was to be taken for highway purposes by the Kansas Turnpike Authority; that the parties agreed that if a major portion or all of said property was taken, they would divide any excess received from the turnpike authority over and above the purchase price paid by the plaintiff. It is alleged that all of said property was condemned by the turnpike athority.

The above motion to intervene and be made a party defendant was denied by the trial court, and defendant Allen and guardian Tipton appeal from that order to this court.

It would appear that Allen and Tipton agree that Allen is acting as an express trustee for the benefit of the estate herein involved. Contrary to the conclusion pleaded in Tipton's motion set out above, Allen as a trustee would constitute a real party in interest. See G. S. 1949, 60-403. As a trustee he would seem able to represent the interests of the estate alleged to be concerned herein. The trial court may have decided it was unnecessary to clutter the record further by the addition of other parties. Under the provisions of section 60-417, the court would seem to have some discretion in allowing intervention.

It has not been made to appear that there was error in the trial court's ruling in this case, and the orders of that court should be affirmed.

It is so ordered.