No. 42,096

C. P. Hirst, *Appellee,* v. R. L. Allen, *Appellant.*

(361 P. 2d 803)

Opinion filed May 13, 1961.

*Thomas E. Joyce,* of Kansas City, argued the cause, and *Thomas H. Finigan,* of Kansas City, was with him on the brief for the appellant.

*J. H. Dickens,* of Kansas City, argued the cause, and *Samuel J. Wells,* of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was a quiet title action. The court rendered judgment for and granted equitable relief to plaintiff. Defendant has appealed.

One phase of the matter has been here before in *Hirst v. Allen,* 185 Kan. 764, 347 P. 2d 372.

It appears that in 1957 plaintiff Hirst purchased the property in question from the estate of an incompetent for the sum of $2,500. For some reason unknown to plaintiff defendant Allen's name also appeared as a grantee in the guardian's deed. Counsel for defendant contended that Allen's name was inserted as a grantee because of a contemporaneous oral agreement between plaintiff and one of the estate's attorneys that if more than $2,500 was obtained for the property in a condemnation proceeding then contemplated by the Kansas Turnpike Authority the excess would be divided between plaintiff and the incompetent's estate. The sum of $5,000 was ultimately received by way of an award in the condemnation proceeding.

Be that as it may—the matter was thoroughly aired in the trial court and all interested parties testified. It was developed that defendant Allen was a mere "straw man" to the transaction, and he disclaimed any and all interest in the property and the amount of the condemnation award. In fact, in answer to a question concerning his interest in the matter—he replied—

"I don't know what the Hell it's all about."

The trial court made findings of fact which need not be related or detailed here. Insofar as plaintiff and defendant were concerned, title to the property in question was quieted in plaintiff, and he was adjudged to be the owner of the full amount of the condemnation award.

In their brief counsel for defendant make several contentions as to why the judgment is erroneous. All have been noted and considered, but, as applied to the record, are held to be without merit. Error in the trial court is never presumed. The burden is on an appellant to make it affirmatively appear. That has not been done in this case. As we read the record, the judgment of the trial court was eminently correct and is affirmed.